IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EDGAR ALLEN SIMON, JR., | |
| Plaintiff, | Civil Action File No. **1:24-cv-2090-VMC** |
| v. | |
| DEKALB COUNTY, GEORGIA and GREGORY R. MOORE, in his individual capacity, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DEKALB COUNTY'S PRE-ANSWER MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

COMES NOW Defendant DeKalb County, a political subdivision of the State of Georgia (the "County"),[1] by and through the undersigned counsel, and in support of its Pre-Answer Motion to Dismiss Plaintiff's Amended Complaint (Doc. 8), respectfully shows the Court the following:

---

[1] As of the date of filing this motion, upon information and belief, Defendant Gregory Moore, who is employed by the DeKalb County Police Department, has not been served with process. The undersigned attorneys currently only represent Defendant DeKalb County.

## INTRODUCTION

Plaintiff filed this Amended Complaint against the County pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated when DeKalb County Police Department Detective Gregory Moore arrested him on September 9, 2022, for Plaintiff's actions related to "his efforts to … provide essential healthcare services to his 93-year-old disabled mother." The County moves to dismiss Plaintiff's Amended Complaint because Plaintiff has not stated any kind of cognizable claim against the County. First, Plaintiff has failed to allege an official policy or widespread custom of the County's that caused his alleged constitutional violations. Second, Plaintiff has failed to sufficiently allege that he suffered a constitutional violation. Third, to the extent Plaintiff is attempting to assert any state law claims against the County, such claims are barred by sovereign immunity. Fourth, Plaintiff has failed to make the requisite showing for injunctive relief and is therefore not entitled to such relief. And finally, punitive damages are not available against the County. The Amended Complaint should be dismissed in its entirety against the County.

## FACTS ALLEGED IN PLAINTIFF'S COMPLAINT

Plaintiff alleges he has been caring for his 93-year-old mother through his healthcare company Preservant, LLC. (Doc. 8, ¶¶ 9-10). He alleges that the DeKalb County Police Department ("DKPD") agreed to assist him with conflicts

between him and his siblings related to the care of their mother. (*Id.* at ¶ 11). He alleges that on September 9, 2022, DKPD Detective Gregory R. Moore invited him to a meeting to discuss his concerns related to his siblings, but upon his arrival at the station, Det. Moore told him he was under arrest. (*Id.* at ¶¶ 13-14). He alleges that he was placed under arrest pursuant to six misdemeanor arrest warrants for making unsubstantiated 911 calls, and he was transported to the jail, where he was detained for two days. (*Id.* at ¶¶ 16-20, 22). Plaintiff alleges the allegations in his arrest warrants were fabricated by Det. Moore for the purpose of "satisfying arrest quotas," and that race influenced the behavior of Det. Moore and other members of DKPD. (*Id.* at ¶¶ 21, 25, 28-29). He alleges he filed two complaints with DKPD Internal Affairs related to Det. Moore, with one of them resulting in Det. Moore being disciplined for wrongful handling of body camera footage. (*Id.* at ¶¶ 31-32).

Concerning his criminal case, Plaintiff alleges that he was approved for participation in a standard misdemeanor diversion program, but the docket incorrectly showed that he was participating in the mental health diversion program. (*Id.* at ¶ 34-35). He alleges that the offer to participate in the diversion program was withdrawn based on the allegation that he harassed state witnesses. (*Id.* at ¶ 37). He alleges that at the bond modification hearing, other officers showed up and told him he was being arrested pursuant to a bench warrant from Fulton County,

which he interprets as "efforts to "embarrass and humiliate him and is due to his race and his complaints of violations of his rights." (*Id.* at ¶¶ 38, 44). Plaintiff alleges that at arraignment, five of the six arrest warrants were found to lack probable cause, but the State "maliciously left one of the allegations open." (*Id.* at ¶ 46). Plaintiff believes the prosecutor is acting out of retaliation. (*Id.* at ¶ 49). Plaintiff alleges he was arrested again on May 10, 2024, for violating his no-contact orders. (*Id.* at ¶ 53).

Plaintiff brings the following causes of action pursuant to § 1983: 1) false arrest in violation of the Fourth Amendment against Det. Moore (Count 1); 2) retaliation in violation of the First Amendment against all defendants (Count 2); 3) unlawful seizure in violation of the Fourth Amendment against Det. Moore (Count 3); 4) malicious prosecution in violation of the Fourth Amendment against all defendants (Count 4); 5) violation of O.C.G.A. § 51-71-1, false arrest[2] (Count 5); and 6) violation of O.C.G.A. § 51-71-1, false imprisonment,[3] against Det. Moore (Count 6, incorrectly labeled as Count 5). (*Id.* at pg. 17-24). He seeks monetary and injunctive relief. (*Id.* at pg. 25-26).

---

[2] There is no Official Code of Georgia section numbered 51-71-1. Plaintiff might have meant to cite O.C.G.A. § 51-7-1, Georgia's false arrest statute.
[3] Plaintiff might have meant to cite O.C.G.A. § 51-7-20, Georgia's false imprisonment tort statute.

## ARGUMENT AND CITATION OF AUTHORITY

### A. <u>Standards on a Motion to Dismiss</u>

To avoid dismissal for failure to state a claim pursuant to Fed. R. Civ. Pro. 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). All reasonable inferences must be resolved in the plaintiff's favor. *Long v. Slaton*, 508 F.3d 576, 579 (11th Cir. 2007). Although only "a short and plain statement of the claim showing that the pleader is entitled to relief" is required, this standard requires the complaint to present "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also,* F.R.C.P. 8. The factual allegations must "raise a right to relief above the speculative level" and provide "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a *pro se* complaint is to be held to less stringent standards than formal pleadings drafted by lawyers, the Court "need not accept as true legal conclusions or unwarranted factual inferences contained in complaints filed by pro se litigants." *Griggs v. USAA Cas. Ins. Co.,* 263 F. Supp. 3d 1375, 1379 (N.D. Ga. 2017). The leniency accorded a *pro se* filing does not excuse a plaintiff from complying with threshold requirements of the

Federal Rules of Civil Procedure. *Id.* (citing *Trawinski v. United Technologies*, 313 F.3d 1295, 1297 (11th Cir. 2002)).

**B.** **Plaintiff's Amended Complaint fails to state a federal constitutional claim against the County.**

In his Amended Complaint, Plaintiff brings two federal constitutional claims against the County: retaliation under the First Amendment (Count 2) and malicious prosecution under the Fourth Amendment (Count 4). (Doc. 8, pg. 19-23). Additionally, in each of his claims against Det. Moore, Plaintiff alleges that, as a result of "Defendant's unlawful policies…," he continues to suffer damages, which could be interpreted as additional potential claims against the County. (*Id.* at pg. 17-25). In any event, regardless how Plaintiff's claims are interpreted, he has failed to state any kind of cognizable claim against the County.

The Supreme Court has placed strict limitations on county liability under § 1983 (otherwise known as a "*Monell* claim"). *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *see also; Grech v. Clayton Cnty., Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003). "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell*, 436 U.S. at 694. "Nor does the fact that a plaintiff has suffered a deprivation of federal rights at the hands of a municipal employee infer municipal culpability and causation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). Rather, a county can only be held liable under

§ 1983 for actions for which it is "actually responsible." *Monell*, 436 U.S. at 690; *Grech*, 335 F.3d at 1329.

To state a claim against a county pursuant to § 1983, a plaintiff must sufficiently allege that: 1) his constitutional rights were violated; 2) the county had a custom or policy that constituted deliberate indifference to that constitutional right; and 3) the policy or custom caused the violation. *McDowell*, 392 F.3d at 1290; *Baker v. City of Madison, Alabama,* 67 F.4th 1268, 1282 (11th Cir. 2023). Liability against a county can be established by identifying: 1) an official county policy; 2) an unofficial widespread custom or practice; or 3) a county official "with final policymaking authority whose decision violated plaintiff's constitutional rights." *Chabad Chayil, Inc. v. Sch. Bd. of Miami-Dade Cnty., Fla.,* 48 F.4th 1222, 1229 (11th Cir. 2022). To properly allege a widespread custom or practice, it is generally necessary to identify a pattern of similar constitutional violations by the County. *McDowell*, 392 F.3d at 1290; *Gurrera v. Palm Beach Cnty. Sheriff's Off.,* 657 F. App'x 886, 893 (11th Cir. 2016). A single violation is not so pervasive as to amount to a custom. *Grech*, 335 F.3d at 1330, n. 6.

1. Plaintiff has failed to allege any official policy or widespread custom of the County's that caused his alleged constitutional violations.

Plaintiff makes numerous conclusory statements that he suffered damages as a result of the County's "unlawful policies" (Doc. 8, pg. 17-25), but he does not state what these purported unlawful policies are or how they caused his alleged constitutional violations. The only allegations in Plaintiff's Amended Complaint that could be liberally construed as a "policy" for *Monell* purposes are Plaintiff's claims that DKPD has "frequently made the news with lawsuits alleging that it employed arrest quotas and encouraged police officers to meet those quotas" (Doc. 8, ¶ 5), and that Det. Moore's actions against him were "for the clear purpose of satisfying arrest quotas" (*id.* at ¶ 28). However, these statements are insufficient to demonstrate the existence of an actual official County policy, and even if they were sufficient, there are no allegations showing how this "policy" caused Plaintiff's alleged Fourth Amendment violations. *See similarly, Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1330 (11th Cir. 2015) (affirming dismissal of claims against the sheriff's office because the plaintiff's allegation of a "policy" was a mere "naked assertion devoid of further factual enhancement"); *Grider v. Cook,* 522 F. App'x 544, 547-48 (11th Cir. 2013) (affirming dismissal of the complaint where the plaintiff "did not provide any specific facts about any policy or custom that resulted in his alleged constitutional deprivation").

Plaintiff has also failed to sufficiently allege a widespread custom or practice of the County's to support a *Monell* claim.  Plaintiff does not provide any facts to support his one conclusory statement that the County has been involved in lawsuits stemming from its purported quota requirement. He makes no allegations of other false or unlawful arrests based on this purported practice of requiring arrest quotas. Additionally, he has failed to allege any other similar incidents of racial profiling or other similar instances of retaliation so as to establish a widespread custom on these grounds.  And without making factual allegations about other specific incidents beyond his own incident, Plaintiff has not stated a *Monell* claim.  *See similarly, Gurrera*, 657 F. App'x at 893-94 (finding that the plaintiff's "conclusory allegation" that the sheriff's office at issue had a "pattern and practice of engaging in [the behavior]," without any allegations of other similar examples beyond the incident discussed in the complaint, was insufficient to state a *Monell* claim); *Plowright v. Miami Dade Cnty.,* No. 23-10425, 2024 WL 2836758, at *9 (11th Cir. June 5, 2024) ("Without any additional details about the circumstances of past incidents … Plowright failed to allege facts plausibly indicating that there was such a custom").

    2.  Plaintiff has failed to sufficiently allege that he suffered a constitutional violation.

Even if this Court finds that Plaintiff has sufficiently stated an official policy or widespread custom for *Monell* liability, Plaintiff has failed to sufficiently allege

that he suffered a constitutional violation. Plaintiff asserts claims of false arrest, false imprisonment, and malicious prosecution under the Fourth Amendment, and retaliation under the First Amendment against Det. Moore, but he has not stated a valid claim on any of these grounds.

As to Plaintiff's unlawful seizure and false arrest claims against Det. Moore (which are presumably the same claim, since the arrest led to the detention about which Plaintiff complains),[4] these claims fail when the arrest was pursuant to "legal process," such as an arrest warrant. *See e.g., Sylvester v. Fulton County Jail*, 94 F.4th 1324, 1329-30 (11th Cir. 2024) ("[W]e pause to emphasize that Sylvester has raised a Fourth Amendment malicious prosecution claim, not a Fourth Amendment false arrest claim" because he was arrested pursuant to a warrant); *Spinnenweber v. Williams,* 825 F. App'x 730, 732–33 (11th Cir. 2020) ("The fact that a state judge issued a warrant in this case thus extinguishes the Spinnenwebers' false arrest claim"). Because Plaintiff has alleged that his arrests were pursuant to arrest

---

[4] *See Wallace v. Kato*, 549 U.S. 384, 388–89 (2007) ("False arrest and false imprisonment overlap; the former is a species of the latter. 'Every confinement of the person is an imprisonment…' We shall thus refer to the two torts together as false imprisonment"); *Williams v. Aguirre*, 965 F.3d 1147, 1158 (11th Cir. 2020) (A "claim of false arrest or imprisonment under the Fourth Amendment concerns seizures without legal process, such as warrantless arrests").

warrants (Doc. 8, ¶¶ 20-21, 25), the only potentially viable claim under the Fourth Amendment would be for malicious prosecution, and the others should be dismissed. *Id.*

A malicious prosecution claim under the Fourth Amendment requires the plaintiff to allege that: 1) the defendant violated his Fourth Amendment right "to be free from seizures pursuant to legal process;" and 2) his criminal proceedings have been terminated favorably to him. *Luke v. Gulley,* 50 F.4th 90, 95 (11th Cir. 2022). Plaintiff does not support his malicious prosecution claim with any actual facts. He simply makes numerous conclusory statements that he was "falsely arrested," that the warrants allegations were "fabricated," that he was arrested "without probable cause," that Det. Moore provided "false sworn affidavits" to the judge, and that he was "racially profiled." (*See generally*, Doc. 8). These conclusory statements, without more, are insufficient to state a malicious prosecution claim.[5] *See e.g., Hesed-El v. McCord*, 829 F. App'x 469, 472 (11th Cir. 2020) (affirming dismissal of the claims, finding that "El's conclusory assertion that McCord acted without probable cause is devoid of any facts giving rise to a 'plausible suggestion' of

---

[5]A false arrest claim also fails without allegations showing that the arrest lacked probable cause. *See e.g., Quire v. Miramar Police Dep't,* 595 F. App'x 883, 886 (11th Cir. 2014) (affirming dismissal of the claims, explaining that "[c]laims for false arrest and false imprisonment under § 1983 fail as a matter of law if there was probable cause for the arrest").

malicious prosecution or false arrest).  Additionally, while Plaintiff alleged that five of the six warrants were found to not have probable cause, he also stated that the prosecutor "left one of the allegations open." (Doc. 8, ¶ 46).  Plaintiff has not alleged then that his criminal case was terminated favorably to him, and thus, Plaintiff has failed to state a malicious prosecution claim on this ground as well.  *See e.g., Elmore v. Fulton Cnty. Sch. Dist.,* 605 F. App'x 906, 916–17 (11th Cir. 2015) (affirming dismissal of the malicious prosecution claim because the plaintiff "did not allege in his amended complaint any facts establishing the common-law element of 'favorable termination,' such as the charges being dropped or dismissed").

Finally, as to his retaliation claim, Plaintiff's factual allegations of retaliation concern other individuals and are seemingly unrelated to Det. Moore.  (Doc. 8, ¶¶ 11, 35-37,48-49, 53-54).  He has not stated any specific factual allegations of retaliation concerning Det. Moore, and therefore he has not stated a retaliation claim against Det. Moore.  Thus, Plaintiff has failed to allege any constitutional violation which could possibly support a *Monell* claim against the County.

For these reasons, Plaintiff's constitutional claims against the County should be dismissed for failure to state a claim.

C. <u>**Any state law claims against the County are barred by sovereign immunity.**</u>

Plaintiff expressly asserts one state law claim against Det. Moore (false imprisonment); his other state law claim (false arrest) is not asserted against any particular defendant, though the allegations relate to Det. Moore.  (Doc. 8, pg. 23-25).  To the extent Plaintiff is attempting to assert any state law claims against the County, all such claims are barred by sovereign immunity.

Sovereign immunity protects the State of Georgia and state officials from unconsented-to legal actions and "can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver." Ga. Const. of 1983, Art. 1, Sec. 2, ¶ IX(e).  Sovereign immunity has been extended to counties.  *See* O.C.G.A. § 36-1-4; *see also, Layer v. Barrow Cty.*, 297 Ga. 871, 871 (2015).  A waiver of sovereign immunity must be established by the party seeking to benefit from that waiver; if the litigant fails to establish a waiver of sovereign immunity, dismissal is appropriate. *Ramos v. Owens*, 366 Ga. App. 216, 217-18 (2022).

Plaintiff has failed to allege facts establishing that sovereign immunity has been waived with respect to any possible state law claims against the County.  He will be unable to do so.  Such state law claims should therefore be dismissed on sovereign immunity grounds.  *See Crisp v. Georgia*, No. 21-14190, 2022 WL

3589673, at *4 (11th Cir. Aug. 23, 2022), *cert. denied*, 143 S. Ct. 1750 (2023) ("the district court did not err in holding that sovereign immunity … barred Crisp's claims as to the … County"); *Gwinnett Cnty. v. Ashby,* 354 Ga. App. 863 (2020) ("[B]ecause Ashby did not establish that the County waived its sovereign immunity, the trial court erred in denying the County's motion to dismiss on this ground").

### D. **Plaintiff has failed to state a claim for injunctive relief.**

To obtain preliminary injunctive relief, the moving party must show: "1) a substantial likelihood of success on the merits; 2) that it will suffer irreparable injury unless the injunction is issued; 3) that the threatened injury outweighs possible harm that the injunction may cause the opposing party; and 4) that the injunction would not disserve the public interest." *GeorgiaCarry.Org, Inc. v. U.S. Army Corps of Engineers*, 788 F.3d 1318, 1322 (11th Cir. 2015). The standard for a permanent injunction is the same except the moving party must show actual success on the merits. *Jysk Bed'N Linen v. Dutta-Roy*, 810 F.3d 767, 774 n.16 (11th Cir. 2015). Moreover, "[d]emanding that a party do nothing more specific than 'obey the law' is impermissible." *Elend v. Basham*, 471 F.3d 1199, 1209 (11th Cir. 2006); *see similarly, Wusiya v. City of Miami Beach*, 614 F. App'x 389, 393–94 (11th Cir. 2015) (injunctive relief is not available for movants "who do[] no more than assert that certain law enforcement practices are unconstitutional").

14

Plaintiff has not stated a claim for injunctive relief. Plaintiff requests that some unspecified County "policies" "be preliminarily and permanently enjoined," but he does not point to any specific policies that have allegedly harmed him. (Doc. 8, ¶¶ 101-102). He is seemingly just demanding that Det. Moore, DKPD, and/or the County follow the law. As discussed above, Plaintiff has not stated a cognizable claim against the County, and thus, Plaintiff will be unable to establish success on the merits. Finally, Plaintiff has not shown how he will be harmed by these "policies" in the future. To be successful on this prong, he must demonstrate a real and immediate threat of future injury that is not hypothetical or conjectural. *Houston v. Marod Supermarkets, Inc.,* 733 F.3d 1323, 1328–29 (11th Cir. 2013). Plaintiff has not alleged an actual policy of the County that harmed him in the past, let alone one that might harm him in the future. Thus, Plaintiff's claim for injunctive relief against the County should be dismissed. *See similarly, Holt v. Floyd Cnty., Georgia*, No. 4:18-CV-0112-HLM, 2018 WL 8966814, at *7–8 (N.D. Ga. Aug. 17, 2018), *aff'd*, 747 F. App'x 832 (11th Cir. 2019) (dismissing the injunctive relief claim because the plaintiff "has not demonstrated a real or immediate threat of being wronged in a similar way in the future" and because he failed to state a viable § 1983 claim, he "cannot show a substantial likelihood of success on the merits or actual success on the merits").

To the extent Plaintiff seeks to ask this Court to enjoin or otherwise force DeKalb County to stop his criminal prosecution, that claim could not succeed for a variety of additional reasons. Federal courts generally do not enjoin state court prosecutions, except in exceedingly limited circumstances that do not appear to exist here. See 28 U.S.C.A. 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments;" *Younger v. Harris*, 401 U.S. 37, 46 (1971)("in view of the fundamental policy against federal interference with state criminal prosecutions, even irreparable injury is insufficient unless it is both great and immediate.")(Internal quotation and citation omitted). Moreover, DeKalb County government has no authority over judicial actions of state court judges or prosecutors. As such, even if DeKalb County government were ordered to stop Plaintiff's prosecution, it could not do so. *See* Ga. Const. Art. 9, § 2, ¶ 1(c)(1) and (7) (outlining home rule powers of counties and stating that such powers "shall not be construed to extend to . . . (1) Action affecting any elective county office . . . [or] "(7) Action affecting any court or the personnel thereof").

**E.  The County is immune from punitive damages.**

It is well-established that punitive damages are not recoverable against governmental entities for § 1983 claims.  *City of Newport v. Fact Concepts, Inc.*, 453 U.S. 247 (1981); *Chatham v. Adcock*, 334 F. App'x. 281, 287 (11th Cir. 2009). The Georgia Supreme Court likewise has adopted the rationale from *Newport* that punitive damages are not appropriate against governmental entities for state law claims.  *See Martin v. Hosp. Auth. of Clarke Cnty.*, 264 Ga. 626, 626 (1994). Plaintiff's claim for punitive damages should be dismissed.

## CONCLUSION

For the foregoing reasons, the County respectfully requests that this Court dismiss Plaintiff's claims against it.

Respectfully submitted, this 17th day of July, 2024.

> Laura K. Johnson
> Deputy County Attorney
> Ga. Bar. No. 392090
>
> Aimee F. Sobhani
> Assistant County Attorney
> Ga. Bar No. 584646
>
> */s/ Rebecca J. Dobras*
> Rebecca J. Dobras
> Senior Assistant County Attorney
> Ga. Bar No. 940524
> *Counsel for Defendant DeKalb County*

<u>PLEASE ADDRESS ALL</u>
<u>COMMUNICATIONS TO:</u>
Rebecca J. Dobras
Senior Assistant County Attorney
rjdobras@dekalbcountyga.gov
Aimee F. Sobhani
Assistant County Attorney
afsobhani@dekalbcountyga.gov

**DEKALB COUNTY LAW DEPARTMENT**
1300 Commerce Drive, 5th Floor
Decatur, Georgia 30030
Cell Phone: (470) 755-9039

## CERTIFICATE OF COMPLIANCE AS TO FONT

Pursuant to N.D. Ga. Local Rule 7.1 D, I hereby certify that this document is submitted in Times New Roman 14-point type as required by to N.D. Ga. Local Rule 5.1(b).

This the 17th day of July, 2024.

*/s/ Rebecca J. Dobras*
Senior Assistant County Attorney
Ga. Bar No. 940524
*Counsel for Defendant DeKalb County*

## CERTIFICATE OF SERVICE

I hereby certify that, on this day, I electronically filed the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DEKALB COUNTY'S PRE-ANSWER MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system, and by placing the following in the U.S. mail properly addressed to, and via electronic mail to:

Edgar A. Simon
4270 Oakhurst Dr.
Fairburn, GA 30213
simonjrcomprises@gmail.com

This the 17th day of July, 2024.

/s/ Rebecca J. Dobras
Senior Assistant County Attorney
Ga. Bar No. 940524
*Counsel for Defendant DeKalb County*